[No. 7,315.—In Bank.]
March 29, 1882.

JAMES T. BOYD ET AL. *v.* CUTHBERT BURREL ET AL.

STIPULATION—NEW TRIAL—BILL OF EXCEPTIONS—PRACTICE.—After a motion for a new trial had, by consent of parties, been passed upon by C., the District Judge, who tried the case—upon a bill of exceptions amended and settled but not engrossed,—a dispute arose between counsel as to the engrossment. Thereupon—June 17, 1880—it was stipulated "that the bill of exceptions, as engrossed by plaintiff, together with the bill as prepared by plaintiffs and the amendments proposed by defendants, and the order of Judge C., settling said bill, be all sent to Judge C. for him to decide if said bill is properly engrossed, and if not properly engrossed to correct the same, and sign said bill as of December 1, 1879, when so corrected." Subsequently, Judge C., after strik-

ing out certain portions of the bill as engrossed by the plaintiffs, certified the same as correct, and afterwards the defendants moved the Judge of the Superior Court to strike out portions of the bill. *Held,* that, in view of the stipulation, it was not error to deny the motion.

APPEAL from an order made after judgment in the Superior Court of the County of Fresno.   HOLMES, J.

The order of the Judge settling the bill of exceptions was as follows: "The bill of exceptions in this case has been agreed upon by the respective counsel, the amendments to be inserted as agreed herein, and copy to be engrossed and presented to Judge for settlement to be signed as of to-day.   Objection to bringing on motion for a new trial, that statement has not yet been formally engrossed and signed, waived in open Court."

The plaintiffs' attorney, in engrossing the bill, inserted a specification of errors which was not contained in the bill as settled, and the defendants' attorneys objected to the engrossed bill on that account.   Thereupon the attorneys entered into the stipulation referred to in the opinion, the full text of which is as follows:

"STIPULATION AS TO ENGROSSMENT OF BILL OF EXCEPTIONS."—Whereas, on the first day of December, 1879, plaintiffs' bill of exceptions in the above entitled cause was by the Judge of the Thirteenth District Court settled, and the same was to have been engrossed as settled, and whereas, plaintiffs and defendants differ as to whether said bill has been by plaintiffs' attorney properly engrossed.

"It is hereby stipulated that the bill of exceptions, as engrossed by plaintiffs, together with the bill as prepared by plaintiffs, and the amendments proposed by defendants, and the order of Judge Campbell settling said bill, be all sent to Judge Campbell, for him to decide if said bill is properly engrossed, and if not properly engrossed to correct the same and sign said bill as of December 1, 1879, when so corrected.

"The defendants to point out on or before June 19, 1880, the errors they claim to have been committed by plaintiffs in engrossing said bill, and plaintiffs to have until June 21, 1880, to reply to such points made by defendants.

"Dated June 17, 1880.

"HARMON & GALPIN, for plaintiffs.
"STETSON & HOUGHTON, for defendants."

After the engrossed bill was signed by Judge Campbell, the attorneys for defendants moved the Superior Court to strike out the assignments or specifications of errors annexed to the bill, and the motion was denied.

*Stetson & Houghton* and *McAllister & Bergin,* for Appellants.

The bill of exceptions as settled contained no assignment of errors. The plaintiffs' attorneys engrossed the bill of exceptions and presented it to defendants' attorneys and requested them to certify to its correctness. Said attorneys declined to so certify, for the reason that the bill as engrossed contained an admission purported to have been made by defendants' attorneys that was not in the bill of exceptions so settled.

An appeal from an order denying a motion for a new trial, must be heard upon the same record which was used in the lower Court. It cannot be heard upon another and different record. " In passing upon a motion for a new trial, we (the Supreme Court) are confined to the record upon which the Court below ruled." (*Quivey* v. *Gambert,* 32 Cal. 306.)

Counsel for plaintiffs seek, by having this assignment of errors added, to place themselves in a position to make points in the Supreme Court that they could not raise in the District Court on the argument on motion for a new trial. We prepared our amendments to meet their case as prepared and points made in their bill of exceptions on motion for a new trial, and not to meet any points they might think it proper to make after their motion was denied. They cannot now add an assignment of errors or anything else to their bill of exceptions. Such assignments can only be allowed before settlement, and then the adverse party must have an opportunity to prepare such amendments as he may think proper. (*Lucas* v. *City of Marysville,* 44 Cal. 210.)

Counsel for plaintiffs claim, as we understand them, that they can add to or change their bill at any time before it is engrossed. Possibly counsel are correct, and on a proper motion to the Court an amendment would be allowed; but after a bill is settled and motion for a new trial granted or denied on that bill as settled, no change can be made in it that will

necessitate the Supreme Court passing upon the case upon a record in any manner differing from that used in the District Court as a basis of the order made. This is both law and common sense. (*Satterlee* v. *Bliss*, 36 Cal. 489; *Kimball* v. *Semple*, 31 id. 663; C. C. P. § 661.)

If counsel for plaintiff are correct in their position that the bill of exceptions was not settled when the motion for a new trial was denied, and they would now settle it and add an assignment of error, they must do it at the expense of their appeal from the order denying the motion for a new trial, for if there was no settled statement when that motion came on for hearing and was denied, the Court could not do other than deny the motion. (*Thompson* v. *Patterson*, 54 Cal. 546; *Smith* v. *Davis*, 55 id. 26; *McCreery* v. *Everding*, 44 id. 284.)

·After the motion was denied, vitality can not be given to the bill or statement and thus place the Supreme Court on an appeal in a position to review an error never committed. "Such a practice is not permissible." (*Copler* v. *C. P. R. R. Co.* 6 Nev. 272; *Brown* v. *Murray*, Feb. 6, 1879.)

Judge Campbell, who ceased to be Judge some six months before this amendment was obtained, had no power to change the records of the Court. A Judge who tries a case after leaving the bench, may settle and sign a bill of exceptions. (§ 653, C. C. P.) But he can not add to or take anything from one already settled.

*Philip G. Galpin,* for Respondent.

The Judge of a Superior Court ought not to alter on motion the statement settled by a District Judge who tried the cause; a refusal to do so was correct, and should be affirmed.

In settling the statement the District Judge exercised his discretion, and there was no such abuse of discretion as warranted the interference of the Superior Judge; his refusal should be affirmed.

The assignments of error were purely formal, and were added before the statement was signed.

Parties may stipulate that the Court pass on the motion before statement is engrossed, and engrossed statement is agreed to. (*Thompson* v. *Connelly*, 43 Cal. 636.)

The District Judge had power to amend a statement after it had been settled and signed for the purpose of adding the formal specifications of error—not to change the facts—or the exceptions. (*Valentine* v. *Stewart*, 15 Cal. 387; *Loucks* v. *Edmondson*, 18 id. 203; *Lucas* v. *City of Marysville*, 44 id. 210.)

McKINSTRY, J.:

After a motion for new trial had, by consent of parties, been passed upon by the Hon. J. B. Campbell, Judge of the District Court, upon a bill of exceptions amended and settled, but not engrossed—the bill as settled to be subsequently engrossed by the moving party and signed by the said Judge—a dispute arose between counsel as to whether the bill had been engrossed as settled. Thereupon, and on the seventeenth day of June, 1880, it was stipulated "that the bill of exceptions as engrossed by plaintiff, together with the bill as prepared by plaintiffs and the amendments proposed by defendants and the order of Judge Campbell settling said bill, be all sent to Judge Campbell for him to decide if said bill is properly engrossed, and if not properly engrossed to correct the same and sign said bill, as of December 1, 1879, when so corrected."

Subsequently the Honorable J. B. Campbell, in the stipulation mentioned, to whom was submitted the several papers mentioned, after striking out certain portions of the bill, as engrossed by plaintiffs, certified to the same as correct.

And afterwards defendants moved the Judge of the Superior Court to strike out a portion of the bill, as the same had been settled and certified correct by the Hon. J. B. Campbell, as aforesaid. From the order denying the motion defendants have appealed.

In view of the stipulation above recited

Order affirmed.

MORRISON, C. J., and ROSS, SHARPSTEIN, MYRICK, McKEE, and THORNTON, JJ., concurred.