[No. 8,266. Department Two.—October 21, 1884.]
ELIZABETH PELTRET, APPELLANT, *v.* JOHN FRANK ET
AL., RESPONDENTS.

APPEAL—PRACTICE—RECORD.—On appeal from an order made after final
judgment, no papers other than the judgment roll will be considered, unless
they are identified as having been used on the hearing of the motion.

APPEAL from certain orders of the Superior Court of the city and county of San Francisco made after final judgment.

The facts sufficiently appear in the opinion of the court.

*E. J. Linforth*, for Appellant.

*Robinson, Olney & Byrne*, and *F. J. Castlehun*, for Respondents.

---

[No. 7,666. Department Two.—October 21, 1884.]
DANIEL HARNEY, APPELLANT, *v.* THOMAS G. McLE-
RAN ET AL., RESPONDENTS.

STREET ASSESSMENT—NONSUIT.—In an action to recover a street assessment,
where defendant's ownership of the property assessed is alleged in the
complaint and denied by the answer, a nonsuit should be granted if the
plaintiff introduces no evidence in support of the allegation.
ID.—PRACTICE—PLEADING—DEFECTIVE AVERMENT—MOTION TO STRIKE OUT.
—In such an action, an averment in the answer that the defendant had

not sufficient information or belief on the subject of his ownership of the property assessed, to enable him to answer the plaintiff's allegation of his ownership, and therefore denies the same, is a sufficient denial, where no motion is made to strike it out.

ID.—DEMURRER.—An objection to a pleading that it is uncertain, should be taken by demurrer.

ID.—FINDINGS.—Where a plaintiff is nonsuited, written findings are not required.

APPEAL from a judgment of the late District Court of the Twenty-third Judicial District, and from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

Action to recover a street assessment. It was averred in the complaint that the defendants were the owners of the property assessed. Defendants McLeran and Porter answered together. They denied that McLeran was or is the owner of the property, or any part of it, and averred that Porter claimed some interest in the premises, but that defendants had " not any information or belief on the subject, sufficient to enable them to answer the allegation of the complaint that the defendant Porter is one of the owners of said premises, and on that ground solely " denied that he was the owner. The other facts appear in the opinion.

*J. M. Wood,* for Appellant.

*William Leviston,* for Respondents.

The COURT.—There is no evidence to support the allegation of the complaint that the defendants, McLeran and Porter, were owners of the premises assessed for street-work, and if that allegation was denied in their answer, the motion for a nonsuit, as to them, was properly granted. The denial that McLeran was the owner of the premises, or any part thereof, is explicit. The ownership of Porter is not positively denied; but while admitting that he claims to be the owner of an interest in the premises, the defendants allege that they have not any information or belief on the subject sufficient to enable them to answer the allegation of his ownership, and on that ground, solely, deny it.

No motion was made to have this matter stricken out of the answer. But the appellant insists that the decision of the court on a motion for a nonsuit must be viewed as it would be if no attempt had been made to deny the ownership of Porter.

None of the cases cited go to that length. *Harney* v. *Corcoran*, 60 Cal. 318, decides that if objection had been made to the filing of an amended answer with this clause in it, the court might in its discretion have sustained the objection.

The denial of the ownership of Porter is not irrelevant. If not sufficiently certain, it might have been demurred to. And we think this was the plaintiff's proper and only remedy in this case.

Where a plaintiff is nonsuited, findings are not required. (*Reynolds* v. *Brumagim*, 54 Cal. 254.)

Judgment and order affirmed.