[No. 8546. Department One. — December 28, 1885.]

## LOUIS DEMARTIN, APPELLANT, *v.* HENRY ALBERT, RESPONDENT.

PLEADING—DEMURRER—AMBIGUITY. — A demurrer to a pleading on the ground of ambiguity must be special, and point out the particular matter objected to. A general demurrer on that ground should be disregarded.

ID.—DIVISION OF COMPLAINT INTO SEVERAL COUNTS. —The statement of a cause of action in several counts, instead of embodying it in one, does not of itself render a complaint ambiguous and uncertain, or open to a general demurrer.

ID.—TRESPASS ON LAND—STATEMENT OF CAUSE OF ACTION. — A cross-complaint for a trespass on land alleged possession by the defendant at the commencement of the action, of certain land inclosed by a good and

substantial inclosure; unlawful entry thereon by the plaintiff with bands of sheep, with which he, against the consent of the defendant, depastured the land, to the damage of the defendant. *Held,* that the facts stated were sufficient to constitute a cause of action.

ID. — SUPERFLUOUS ALLEGATION. — *Held further,* that an allegation that the trespass was committed contrary to the provisions of an act of the legislature of the state of California, entitled "An act to restrict the herding of sheep," approved May 18, 1861, was surplusage, and might be disregarded or stricken out.

ID. — CROSS-COMPLAINT FOR TRESPASS ON LAND — ACTION FOR TRESPASS TO PERSONALTY. — A cross-complaint to recover damages for a trespass on land cannot be filed in an action to recover damages for a trespass to personal property, unless it appears therefrom that the trespass on the land related to or depended upon or affected the trespass charged in the complaint.

APPEAL from a judgment of the Superior Court of Del Norte County.

The facts are stated in the opinion of the court.

*L. F. Cooper,* for Appellant.

*J. D. H. Chamberlin,* and *W. A. Hamilton,* for Respondent.

McKEE, J.—In an action commenced by the plaintiff against the defendant in the court below to recover damages for injuries to personal property, the defendant filed an answer, which contained specific denials of the allegations of the complaint, and also a cross-complaint, which contained six several causes of action against the plaintiff for distinct trespasses committed on the defendant's close.

To this cross-complaint the plaintiff demurred, generally on the ground of ambiguity and uncertainty, and specially: 1. That the statement of each cause of action was insufficient to constitute a cause of action; 2. That the act of the legislature cited in the statement of each count does not apply to inclosed lands; and 3. That a cross-complaint for damages for trespasses upon land is not maintainable in an action for injuries to personal

property.   The demurrer was overruled, and on this appeal that is the only error assigned.

The general demurrer merely pointed out that the cross-complaint contains six several counts which should have been condensed into one.

But the several counts were laid for several distinct trespasses, and even if that were not so, the number of counts contained in a complaint does not, of itself, constitute matter which renders the complaint ambiguous and uncertain, and challengeable by a general demurrer. (*Bernero* v. *Ins. Co.*, 65 Cal. 386.)   The particular matter constituting an ambiguity in a pleading should be pointed out by a special demurrer.   If that is not done, a general demurrer on that ground may be disregarded. (*Blanc* v. *Klumpke*, 29 Cal. 157.)

The statement of facts in each count of the cross-complaint was sufficient to constitute a cause of action.   It showed actual possession by defendant at the commencement of the action, of certain land and premises "inclosed by a good and substantial inclosure"; unlawful entry thereon by the plaintiff with bands of sheep, with which he, against the consent of defendant, depastured the land, to his great damage.   The several trespasses, it is alleged, were committed "contrary to the provisions of an act of the legislature of the state of California, entitled 'An act to restrict the herding of sheep,' approved May 18, 1861."

The last allegation did not affect the sufficiency of the statement of facts which constituted the cause of action of any of the counts so as to render them subject to a general demurrer.   It may have been surplusage, or irrelevant and redundant, and as such, it would have been the duty of the court to strike it out on motion, or the court could, no motion having been made for that purpose, disregard it in construing the pleadings; and that is what it seems the court did do, for judgment was not given or entered according to the terms of the statute.

At all events, in the presence of a general demurrer, the cross-complaint was sufficient to entitle the defendant to relief on any or all of the several causes of action stated therein.

But the cross-complaint was not filed in the proper case. Section 442, Code of Civil Procedure, provides: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the . . . . transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time . . . . a cross-complaint," etc.

The complaint in the action avers that on certain days, "at the county of Del Norte," the defendant chased and drove about with dogs certain sheep of the plaintiff, in consequence of which some of them died, and the others were greatly damaged and materially injured, to the plaintiff's damage. That was the *gravamen* of the action. There is no averment that these wrongs were done on the defendant's land. Nor is there in the cross-complaint any allegation that the sheep of the plaintiff, which were driven about and chased by the defendant's dogs, were found *damage-feasant* upon the defendant's land. *Non constat*, therefore, that the alleged trespasses, which constitute the *gravamen* of the causes of action stated in the defendant's cross-complaint, related to or depended upon or in any way affected the trespasses charged in the complaint in the action. For that reason the court erred in overruled the demurrer to the cross-complaint.

Judgment reversed, and cause remanded for further proceedings.

Ross, J., and McKinstry, J., concurred.