[No. 14576.   Department Two. — December 1, 1892.]

FRANZ KIRSCH, RESPONDENT, v. J. S. DERBY, EX-
ECUTOR, ETC., APPELLANT.

ACTION AGAINST EXECUTOR — PLEADING — PROBATE OF WILL — EXECUTOR-
SHIP OF DEFENDANT. — The probate of a will and the executorship of a
defendant who is sued as such executor are sufficiently averred in a
complaint which alleges the fact and date of death of the testator leav-
ing a will in which the defendant was named as executor, the fact and
date of the filing of the will by the executor in the office of the clerk of
the superior court, together with his petition for the probate thereof and
for letters testamentary, and that, upon proceedings duly had in said
court, said will was duly admitted to probate upon a specified date, where-
upon letters testamentary were ordered to issue to him, upon his quali-
fying as required by law, and that he duly qualified as such executor,
and letters testamentary were thereupon issued to him at a date specified,
and that ever since he has been and now is the duly qualified and acting
executor of the said will.

ID. — MONEY HAD AND RECEIVED — PERSONAL LIABILITY OF EXECUTOR. —
A complaint by the surviving husband of a testatrix against the execu-
tor of his deceased wife, alleging that as such executor he has received
from a savings bank a sum of money "to and for the use of and belong-
ing to the plaintiff," which the defendant has refused to pay to the
plaintiff upon demand, states sufficient facts for a personal judgment
against the executor.

PLEADING — COMPLAINT — AMBIGUITY — UNCERTAINTY — SPECIAL DEMURRER
— APPEAL FROM DEFAULT JUDGMENT. — If there are any valid objec-
tions to a complaint on the ground of ambiguity or uncertainty, such
objections can only be taken by special demurrer, and cannot be urged
upon appeal from a judgment by default.

APPEAL from a judgment of the Superior Court of Ala-
meda County.

The action was brought against the defendant, as ex-
ecutor of the estate of Julia Kirsch, deceased, to recover
the sum of $3,725, alleged to have been received by the
defendant as such executor from the German Savings
and Loan Society, " to and for the use of and belonging
to plaintiff," which the defendant refused to pay to
plaintiff upon demand made therefor.   The complaint
alleges that Julia Kirsch, the wife of plaintiff, died in
Alameda County, March 28, 1890, leaving a last will, in
which she appointed J. S. Derby as executor; that J. S.
Derby, on April 3, 1890, duly filed said will in the office

of the county clerk and clerk of the superior court of said county, together with his petition for the probate thereof, and for letters testamentary thereon; that on May 5, 1890, upon proceedings duly had in that behalf in said superior court, said will was duly admitted to probate by said court, and letters testamentary thereon were thereupon ordered to issue by said court to said J. S. Derby upon his qualifying as required by law, and that on May 8, 1890, said J. S. Derby duly qualified as such executor, and letters testamentary were thereupon issued to him by the clerk of said court, and that ever since said eighth day of May he has been and now is the duly appointed, qualified, and acting executor of the said will of said Julia Kirsch, deceased.

*Nye & Richardson,* for Appellant.

The attempted pleading of the probate of the will of the deceased, and the appointment of defendant as executor, is abortive, as it states neither the ultimate fact necessary to give jurisdiction nor complies with the requirements of the code. (Code Civ. Proc., sec. 456; *Young* v. *Wright,* 52 Cal. 407; *Judah* v. *Fredericks,* 57 Cal. 389.) The plaintiff attempts to charge the defendant as executor, and he cannot now claim the judgment to be personal. Pleadings are to be construed most strongly against the pleader. (*Potter* v. *Fowzer,* 78 Cal. 493; *Shain* v. *Belvin,* 79 Cal. 262.)

*Dodge & Fry,* for Respondent.

The allegations concerning the appointment of defendant as executor are amply sufficient. (*McCutcheon* v. *Weston,* 65 Cal. 37; *Morrell* v. *Morgan,* 65 Cal. 575; *Wise* v. *Hogan,* 77 Cal. 184; *Wise* v. *Williams,* 72 Cal. 544; *Munro* v. *Dredging Co.,* 84 Cal. 515; 18 Am. St. Rep. 248.) The decisions cited by appellant do not apply where an executor is defendant. (*Wise* v. *Williams,* 72 Cal. 544.) The contention that the complaint is ambiguous and uncertain can only be raised by special demurrer, and cannot be entertained for the first

time in this court on appeal; nor can it be made under the contention that the facts set forth in the complaint are insufficient to constitute a cause of action. (*Demartin* v. *Albert*, 68 Cal. 277; *Roberts* v. *Eldred*, 73 Cal. 394; *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633; *Heeser* v. *Miller*, 77 Cal. 192.) Conceding that a personal judgment is not proper, that is no authority that the complaint does not state facts sufficient to constitute a cause of action. Under such circumstances, the only duty of the supreme court is to modify the judgment so as to make it conform to the allegations of the complaint. (*Rice* v. *Inskeep*, 34 Cal. 224; *Estate of Schroeder*, 46 Cal. 305; *Preston* v. *Knapp*, 85 Cal. 559.) If plaintiff had a cause of action upon which he was entitled to judgment, the judgment will not be reversed, however defectively his cause of action may have been stated. (*Stanwood* v. *Sage*, 22 Cal. 517; *Hallock* v. *Jaudin*, 34 Cal. 167; *Hibernia S. & L. Society* v. *Ordway*, 38 Cal. 679; *San Francisco* v. *Pennie*, 93 Cal. 465.) But the complaint is amply sufficient; it fully supports the judgment, and the judgment is the only proper one. (*People* v. *Houghtaling*, 7 Cal. 348; *Gunter* v. *Janes*, 9 Cal. 659; *Hardy* v. *Hunt*, 11 Cal. 350; *Stanwood* v. *Sage*, 22 Cal. 517; *Lathrop* v. *Bampton*, 31 Cal. 23; 89 Am. Dec. 141; *Theller* v. *Such*, 57 Cal. 461; *Duff* v. *Duff*, 71 Cal. 533; *Roach* v. *Caraffa*, 85 Cal. 444; *Merrick's Estate*, 8 Watts & S. 402; *Thompson* v. *Perkins*, 3 Mason, 232; *Beach* v. *Forsyth*, 14 Barb. 499; *Mason* v. *Waite*, 17 Mass. 560; *Vischer* v. *Yates*, 11 Johns. 28.)

McFARLAND, J.—Defendant made default in the court below, and judgment was rendered for plaintiff. Defendant appeals upon the judgment roll; and the point insisted on for a reversal is, that the complaint is defective, because plaintiff, by said complaint, has not properly pleaded either the probate of the will of Julia Kirsch, deceased, or the appointment of defendant as executor.

We are satisfied that the probate of the will and the executorship of appellant are sufficiently pleaded. (*Weller* v. *Dickinson*, 93 Cal. 108; *Wise* v. *Williams*, 72 Cal.

547; *Munro* v. *Dredging Co.*, 84 Cal. 515; 18 Am. St. Rep. 248.) But the complaint states sufficient facts for a personal judgment against appellant. If there were any valid objections to the complaint on the ground of ambiguity or uncertainty, such objections could have been taken only by special demurrer. (*Demartin* v. *Albert,* 68 Cal. 277; *Blanc* v. *Klumpke,* 29 Cal. 156; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633; *Heeser* v. *Miller,* 77 Cal. 192.)

The judgment is affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.