[Civ. No. 1292.   First Appellate District.—November 6, 1913.]

## MARY M. MURDOUGH, Respondent, v. JAMES W. MURDOUGH, Appellant.

HUSBAND AND WIFE—DESERTION—ACTION FOR MAINTENANCE.—In this action by a married woman for separate maintenance, the evidence is sufficient to show that her husband, after being informed that she was suffering from consumption, left her and resolved to live with her no more.

ID.—SEPARATE MAINTENANCE—AMOUNT OF ALLOWANCE.—If it appears in such case that the husband has a net income of one hundred dollars a month, an award to the wife of forty dollars a month for her separate maintenance will not be disturbed on appeal.

ID.—APPEAL—SILENCE OF RECORD—PRESUMPTION.—On appeal from the judgment it will be presumed that the trial court ruled upon a demurrer to the complaint, if the record fails to show that the court did not rule thereon.

ID.—ASSIGNMENT OF ERROR—GENERAL STATEMENT AS TO RULINGS ON EVIDENCE.—A general assignment of errors in the admission or rejection of evidence, by the statement in the appellant's brief that an examination of the record will satisfy the court of the correctness of his position, will not be considered on appeal.

APPEAL from a judgment of the Superior Court of Humboldt County.   Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, J. A. Prentice, and Otto C. Gregor, for Appellant.

Pierce H. Ryan, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for maintenance taken within sixty days after its entry.

The complaint sets forth in two counts the willful desertion and willful neglect of the plaintiff by the defendant. To the complaint defendant filed a demurrer, and subsequently an answer and cross-complaint. After trial the court found, among other things, that defendant's income is two hundred dollars per month with board and lodging free, and

that his expenses do not exceed one hundred dollars per month; that the plaintiff is without funds or property; that defendant willfully deserted plaintiff; that he willfully neglected to support her; that plaintiff never deserted defendant; that she has been at all times willing to live with defendant and that forty dollars per month is a reasonable and necessary sum to be awarded plaintiff for her support and maintenance. Judgment was entered accordingly.

The defendant in support of his appeal urges that his special demurrer to the complaint should have been sustained; that the court, so far from sustaining it, never even ruled upon it, and he predicates error upon such omission.

The defendant filed his answer and cross-complaint, and went to trial without seeking to have the court rule upon the demurrer, and for this reason, perhaps, the special demurrer should be regarded as waived by the defendant. (*Reynolds* v. *Hosmer*, 45 Cal. 616; *Ward* v. *Clay*, 82 Cal. 502, [23 Pac. 50, 227]; *Harney* v. *McLeran*, 66 Cal. 34, [4 Pac. 884]; *Colton* v. *Onderdonk*, 69 Cal. 155, [58 Am. Rep. 556, 10 Pac. 395]; *Kirsch* v. *Derby*, 96 Cal. 602, [31 Pac. 567]; *De Martin* v. *Albert*, 68 Cal. 277, [9 Pac. 157]; *Rose* v. *Rose*, 112 Cal. 341, [44 Pac. 658].) But in any event it is sufficient to say that the record failing, as it does, to show that the court did not rule upon the demurrer, we will, as we are bound to do, presume, in favor of the judgment, that the court did rule thereon.

Moreover, an examination of the record shows that the complaint is not demurrable in the particulars set up.

The record is quite voluminous, consisting of approximately six hundred pages of typewritten matter, and any extended discussion of the evidence would make this opinion needlessly long and would serve no useful purpose. An examination of the record shows, contrary to defendant's contention, that the findings of the court find ample support in the evidence. The facts may be briefly summarized, in so far as they bear upon this question, as follows: The parties were married in the state of Illinois in the year 1899, and for the reason principally that the defendant was unable to obtain steady employment they did not live together much after their marriage until the beginning of the year 1909. There was, however, during that time no friction between them worthy of men-

tion, and when the plaintiff was not with her husband or at some place for her health she lived with her family in Chicago. In 1908 defendant was employed to manage a hotel in Eureka, California, and in April, 1909, he sent for the plaintiff, and she came and resided with him as his wife until the following June when, her health failing, she, with the consent of her husband, went to a health resort. Later her ailment was diagnosed as consumption, and she did not return to Eureka until August, 1910. Apparently from the time defendant learned that his wife was consumptive he did not want her to return to Eureka. She did, however, return, and lived there about a month when, at his earnest solicitation, she reluctantly went to her brother and sister in Chicago. The plaintiff paid her transportation, and later paid on her account for board and lodging the sum of seventy-five dollars. In March, 1911, he wrote her a letter saying, in part: "My affection for you has faded away and is dead; you are nothing to me and never will be. I am like a prisoner in captivity and confinement. . . . I am determined on a separation and nothing will ever tempt me to live with you again. . . . Your whole system is permeated with disease that has sapped your blood and vitality from your body." In April following he wrote her another letter, reiterating his determination never again to live with her. He wrote her brother a letter in which he stated that he had concluded to separate from the plaintiff, giving her ill health as his reason. In the same month he also wrote a letter to plaintiff's sister, in which he said that he had received a letter from his wife suggesting that she return to him. Commenting on this he said, in effect, that it was impossible. He was brutally frank in detailing his reasons for this conclusion. He stated in his testimony on cross-examination that it was his unalterable conclusion never to live again with plaintiff.

It is clear from the testimony introduced by the plaintiff that shortly after defendant had been informed that his wife was suffering from consumption, he resolved to live with her no more. Accordingly he persuaded her to return to her folks in the east, and shortly afterward he wrote her to the effect as just detailed. He is financially able to pay her forty dollars per month, and we have not the slightest hesitation in

saying that the evidence abundantly supports the findings, and the findings in turn sustain the judgment.

The defendant also asserts in his brief that the trial court committed numerous errors prejudicial to him in the admission or rejection of evidence. He depends upon no particular ruling of the court, and contents himself with stating that an examination of the record will satisfy the court of the correctness of his position. The record, as before stated, is over five hundred pages long. Such an assignment of errors is fair neither to opposing counsel nor to the court; and the appellate courts in this state have repeatedly held, as we now do, that points made in this manner will be ignored.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.