[Civ. No. 4066. Second Appellate District, Division One.—February 8, 1923.]

THE ARGUS ENTERPRISES, INC. (a Corporation), Appellant, v. HENRY CALMY et al., Respondents.

[1] PLEADING — CROSS-COMPLAINT — RIGHT TO FILE—DEMURRER.—Although it does not appear that the supreme court has ever directly stated that a general demurrer to a cross-complaint upon the ground that it does not state facts sufficient to constitute a cause of action is sufficient to raise the question of the right to file the cross-complaint, a number of cases have been decided upon the assumption that the question could be so raised.

[2] APPEAL—JUDGMENT ON CROSS-COMPLAINT—RIGHT TO FILE—WHEN NOT REVIEWABLE.—On an appeal from a judgment rendered on a

cross-complaint, it is too late to raise the objection for the first time that the case presented by such pleading was in no manner related to the subject matter of plaintiff's action, where the objection was not brought to the attention of the trial court at any stage of the proceedings and it is not claimed that on the merits of the case the cross-complainant's right of recovery was not fully established.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan and J. J. Wilson for Appellant.

Meserve & Meserve and Joseph E. Bien for Respondents.

CONREY, P. J.—This is an appeal by the plaintiff from a judgment rendered against it upon a cause of action stated in the cross-complaint of the defendants. The sole ground for reversal now urged on behalf of the plaintiff is that the court erred in overruling plaintiff's demurrer to the amended cross-complaint. The argument rests upon that part of the demurrer which alleged that said amended cross-complaint "does not contain facts sufficient to constitute a cause of action." It is not claimed that said cross-complaint did not state a cause of action except in this, that the case presented by the cross-complaint is in no manner related to the subject matter of the plaintiff's action, and therefore that the cross-action does not lie in this case.

For the purposes of this decision we shall assume that, as against objections properly urged, the right of the defendants to proceed by cross-complaint should have been denied. But, upon the record now before us we think that this objection really appears for the first time on this appeal from the judgment.

[1] Although it does not appear that the supreme court has ever directly stated that a general demurrer to a cross-complaint upon the ground that it does not state facts sufficient to constitute a cause of action is sufficient to raise the question of the right to file the cross-complaint, yet it does appear that a number of cases have been decided upon the assumption that the question could be so raised. In three cases judgments were reversed directly upon the ground

that the demurrer had been improperly overruled where the
case presented by the cross-complaint was not a proper case
for cross-complaint. (*Demartin* v. *Albert,* 68 Cal. 277 [9
Pac. 157]; *Silver Creek etc. Co.* v. *Hayes,* 113 Cal. 142 [45
Pac. 191]; *Yorba* v. *Ward,* 109 Cal. 107 [38 Pac. 48, 41
Pac. 793].) However, in the Silver Creek etc. Co. case the
supreme court held that the cross-complaint did not state
a cause of action at all, as well as that it did not present a
proper case for a cross-complaint. And in the Yorba case
the plaintiff's objection to the cross-complaint was presented
by a motion to strike it out, as well as by demurrer. As
far as we have been able to discover, *Demartin* v. *Albert,*
*supra,* is the only decision wherein (the record showing a
general demurrer that the cross-complaint did not state
facts sufficient to constitute a cause of action) the judgment
was reversed solely upon the ground that "the cross-com-
plaint was not filed in the proper case," and that the court
erred in overruling the demurrer.

In the later case of *Riverside Heights etc. Co.* v. *River-*
*side Trust Co.,* 148 Cal. 457, 469 [83 Pac. 1003, 1008], the
question now under consideration was disposed of as fol-
lows: "The appellant appeared to the cross-complaint, filed
a demurrer and answer thereto, and afterward went to trial,
not only without objection to the propriety of the cross-
complaint as a pleading in the action, but in pursuance of a
stipulation to submit for decision a particular question aris-
ing out of its allegations. It is too late to object in this
court for the first time that the cross-complaint was im-
properly filed and did not come within the scope of the
provisions of section 442 of the Code of Civil Procedure."

[2] In this present action the plaintiff, at the same time
when it filed its demurrer, also filed a notice of motion to
strike *from* the amended cross-complaint certain parts
thereof. The motion was presented and was granted to the
extent that one portion of the cross-complaint was stricken
out. When the case was called for trial, statements were
made by counsel indicating that the action was to be tried
on the cross-complaint. In response to the court's remark,
"Then the original complaint and original cross-complaint
stand?" counsel for appellant responded, "There is an
amended cross-complaint." Thereupon counsel for appel-
lant referred to his motion to strike, and brought to the

attention of the court the particular part of the motion that had been granted, closing his statement with the words, "So the rest of it stands." The case then proceeded to trial without any suggestion that the plaintiff was objecting to trial of the action as presenting a controversy relating to the cross-action. It may fairly be inferred that this objection was never brought to the attention of the trial court at any stage of the proceedings. It is not now claimed that on the merits of the case (aside from this single question of being properly in court), the cross-complainants' right of recovery was not fully established. Under these circumstances we think that the objection now comes too late.

The judgment is affirmed.

James, J., and Houser, J., concurred.