[Civ. No. 4555.   Third Appellate District.—April 29, 1932.]

LENA BOLSON, Respondent, v. HARRY BOLSON, Appellant.

Marcus C. Clark for Appellant.

Shapiro & Shapiro and H. Y. Romayne for Respondent.

TUTTLE, J., *pro tem.*—This is an action for separate maintenance upon the grounds of desertion and wilful neglect. The court found in favor of plaintiff upon all issues, and this appeal is taken from the judgment entered in accordance with the findings.

174

■  The sole ground for appeal is that the evidence is insufficient to support the findings.

On October 15, 1919, respondent became mentally ill and was sent by the authorities of Los Angeles County to Rest Haven, a home for incompetents.  Within the year following, she was committed to the State Hospital for the Insane at Patton.  At the expiration of a month she was paroled from Patton and placed in custody of her mother and sister, where she remained until 1920.  During that year she was again sent to Patton, where she remained until October 1, 1924, on which date she was again paroled in the custody of her mother and sister, where she remained and was living when this action was commenced in June, 1928.  On May 28, 1928, she was granted a certificate of full recovery from her illness.

Attacking the findings upon the ground of desertion, appellant contends "that the separation was not caused by any action of appellant, but was caused by the mental illness of respondent".  What was the conduct of appellant during this trying period?  During the time respondent was at Patton, some four years, he visited her but once.  During the four and one-half years she was on parole in Los Angeles, he did not call upon her at all.  Once, during the latter period, she visited her home and saw her three children. Appellant then told her to "Go home" and said "Don't stay any more."  We are satisfied that there is ample evidence from which the trial court could find that appellant intended to and did desert respondent.  His attitude is clearly indicated by his remark made to the sister of respondent, when the latter appealed to him to assist his wife: "I will do nothing because I am not a hypocrite, I don't love her any more and I am not going to do anything."  At the trial respondent pleaded with the court to be returned to her family, but this did not strike a responsive chord in the heart of appellant, who maintained an ominous silence. Appellant took respondent for his wife "in sickness or in health", and his abandonment of her during her period of disability is desertion of the most flagrant character.  In the case of *Murdough* v. *Murdough*, 23 Cal. App. 179 [137 Pac. 267], the wife contracted consumption.  When the husband learned this fact he resolved to live with her no more and refused to do so.  Such proof justified a finding of wilful desertion upon the part of the husband.

In view of the foregoing, it is unnecessary for us to discuss the sufficiency of the evidence upon the finding of wilful neglect.

The judgment is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.