DOLORES CABRERA DE SALAZAR, Plaintiff and Appellee, v. CARMEN MORALES DE ROVIRA ET AL., Defendants and Appellants.

No. 8088.  Argued June 13, 1940.—Decided July 26, 1940.

446

*Celestino Benítez Morales* and *J. Pérez Cordero* for appellants. *Carlos J. Torres Laborde* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Dolores Cabrera, widow of Salazar, brought an action against Carmen Morales, widow of Rovira, and María Marina, Alejandrina, and Pedro Rovira Ríos, María-Irma, Adolfo, Enrique, and Alfredo Morales Rovira, and Carmen-Pura and Darío Rovira Morales, to recover a sum of money secured by mortgage, and for other relief. Three causes of action were set forth in the complaint. The defendants demurred and answered and the court decided the case by

a judgment of February 16, 1939, which contained the following pronouncements:

"1.—Annulling the judgment rendered by this court in civil case No. 13,485 and all the proceedings subsequent thereto in said case, as to the undivided interests held in the property described in the complaint by the defendants Carmen Morales, María-Irma, Adolfo, Enrique, and Alfredo Morales Rovira, and also as to the defendants Carmen-Pura and Darío Rovira Morales;

"2.—Adjudging the defendants mentioned in pronouncement 1 of this judgment jointly and severally to pay to the plaintiff Dolores Cabrera the sum of $4,500, plus interest on said sum at the rate of 9 per cent per annum, from May 1, 1930, until fully paid;

"3.—Adjudging the defendants María Marina, Alejandrina, and Pedro Rovira Ríos, Carmen Morales, María Irma, Adolfo, Enrique and Alfredo Morales Rovira, and Carmen-Pura and Darío Rovira Morales to pay to the plaintiff the sum of $594 (taxes paid to the People of Puerto Rico), in proportion to their respective undivided interests in the property described in the complaint, thus:

"María Marina, Alejandrina, and Pedro Rovira Ríos each 1/12 of said sum;

"Carmen Morales, that is, the widow, one-half of said sum;

"The minors Carmen-Pura and Darío Rovira Morales each 1/12;

"And lastly the minors María Irma, Adolfo, Enrique, and Alfredo Morales Rovira each 1/48 of said sum;

"4.—Adjudging the widow Carmen Morales and the heirs who bear the surnames Rovira Morales and Morales Rovira to pay to the plaintiff the sum of $892.50 (proportional part of the taxes), in the proportions stated in the preceding subdivision;

"5.—Adjudging the defendants mentioned in the preceding subdivision and in the same proportion to pay to the plaintiff the sum of $1,664.55 (proportional part of repairs);

"6.—Holding that the defendants mentioned in pronouncement 3 of this judgment should be credited with the sum of $4,199.89 (proportional part of rents and profits), in the same proportion in which they have been adjudged to pay the charges;

"7.—Adjudging the defendants to pay the costs incurred by the plaintiff in this case."

Feeling aggrieved by that judgment, the defendants took the present appeal. They have assigned six errors commit-

ted, as they claim, by the court in not holding that the complaint was ambiguous, unintelligible, and uncertain; in not holding that there was a misjoinder of parties defendant as to the three causes of action; in not holding that the latter were insufficient; in not holding as premature the enforcement of the mortgage claim; in decreeing the payment of the repairs and remodeling of the mortgaged property; and in adjudging the defendants to pay interest after maturity without any agreement therefor.

■ Let us examine the first assignment. It is insisted therein that the complaint is ambiguous, unintelligible, and uncertain, because although a single cause of action is involved—to collect a mortgage credit—three causes of action are exercised.

The appellants are wrong. In 1 Bancroft Code Pleading, p. 348, sec. 210, it is said: "A complaint is not ordinarily demurrable for ambiguity, unintelligibility or uncertainty beause it contains clerical errors; or because a cause of action is stated in several counts instead of one"; and in *Demartin* v. *Albert,* 68 Cal. 277, 279, it has been held that "the number of counts contained in a complaint does not, of itself, constitute matter which renders the complaint ambiguous and uncertain."

Apart from this, there is the fact that, although the recovery of a debt secured by mortgage is involved, the matter became so complex that it was precisely for the sake of clearness that the plaintiff made the separation which is attacked.

For a proper understanding of the questions involved in this appeal, at the outset it is necessary to bear in mind the opinion rendered by this court in *Morales* v. *Cabrera,* 53 P.R.R. 90, to which we will again refer at the proper time.

The second error assigned is nonexistent. Although it is true that the complaint was brought, starting from the basis of the validity of the first suit to recover on the mortgage as to the defendants María Marina, Alejandrina, and Pedro

Rovira Ríos; the fact is that there always existed against them the claim for a proportionate part of the taxes which they failed to pay, as is shown by the third pronouncement of the judgment appealed from.

By the third assignment it is maintained that the court should have sustained the demurrer for insufficiency.

The case is a peculiar one. The plaintiff, upon the maturity and nonpayment of a debt amounting to six thousand dollars, contracted with her by the predecessor in interest of the defendants and secured by a mortgage on a certain house and lot, instituted a judicial proceeding in 1930, against Marina, Alejandrina and Pedro Rovira Ríos, Carmen Morales, widow of Rovira, and her minor children Carmen-Pura and Darío Rovira Morales, and obtained a judgment, in execution of which the mortgaged property was sold at public auction to the plaintiff for the sum of $6,000, which was the principal amount due.

In order to annul said proceeding, some of the heirs brought, in the District Court of San Juan, a suit against the plaintiff herein, which terminated in a judgment decreeing the nullity sought. The defendant, now plaintiff, appealed and obtained from this Supreme Court a judgment in virtue of which the one rendered by the district court was modified in the sense of declaring valid the proceedings as to the debtors María Marina, Alejandrina, and Pedro Rovira Ríos, and void as to the other debtors, either because they had not been included in the complaint or because they had not been duly served with summons. (*Morales* v. *Cabrera,* 53 P.R.R. 90, 92, 102.) This means that the plaintiff herein, who in virtue of the sale of the mortgaged property in the suit to foreclose the mortgage had become the owner thereof, and who under the judgment of the district court rendered in the action for nullity brought against her by the defendants herein would have ceased to be such owner, remained in consequence of the decision of this court in said action for nullity as co-owner of the property together with the original

owners of the same who had not been lawfully summoned or made parties defendant in the foreclosure suit, and this was her status with respect to the house at the time of the rendition of the judgment appealed from which is now before us for consideration and decision.

That being so, it seems to us to be clear that the plaintiff had a cause of action to recover the unsatisfied portion of her debt from the debtors who were not duly summoned or made parties defendant in the original suit; and, as she had remained in possession as co-owner of the mortgaged house which had been sold in order to satisfy the lien that burdened it, and as she had received rents which, in part, did not belong to her and incurred expenses for the preservation of the realty, she was also entitled to finally clear up her situation through a liquidation on the basis of the repayment of the rents received and reimbursement of the expenses incurred. Such is in substance the present suit. The third error assigned was not committed.

In the fourth assignment, the appellant insists on the objection of the lack of a cause of action, this time on the ground that the action brought is premature, as "the mortgage creditor had failed to restore things to their original condition by returning the mortgage property which was awarded to her in payment of her claim; and the fact that the nullity of the award had not been decreed."

Perhaps, in strict law, the appellants were right when they raised that question in the district court, as this suit was commenced several months before the rendition of the judgment of this court in *Morales* v. *Cabrera, supra;* but after said judgment was rendered the action of the plaintiff became justified. The judicial sale made by reason of the first suit was not annulled in its entirety. It remained in full force and effect as to a part thereof. The plaintiff continued in actual possession. She continued, if not as a sole owner, at least as a co-owner of the realty, holding the same right therein as existed in favor of the defendants, as to

whom the judgment giving rise to the execution sale was annulled.

■■ By the fifth assignment it is maintained that the trial court erred in decreeing the payment of the repairs made by the plaintiff on the defendants' property.

They argue that the plaintiff had no authority to make any repairs either as co-owner or as occupant *(poseedora)* of the property, and maintain that, as in any event the plaintiff was a possessor in bad faith, she was not entitled to be reimbursed for the expenses incurred in connection with such repairs.

In *Concepción* v. *Latoni,* 51 P.R.R. 547, 563, this court held:

"The court below did not err either in sentencing the plaintiffs and cross-defendants to refund to the defendant the sum of $2,500 claimed by the latter as repairs made by him on the two houses. Even if we considered that the defendant herein was a possessor in bad faith, he would nevertheless be entitled to claim the expenses incurred by him in preserving the houses. . . . The defendant proved that the properties were left in very bad condition and in a ruinous state by reason of the cyclone of San Ciprián; that the repairs were necessary for the conservation of the properties and in order to be able to rent them, . . ."

The trial court having found that the repairs made were necessary for the preservation of the property, and the appellants having failed to place us in a position to determine whether or not it weighed the evidence on this point correctly, since they have not presented to us a transcript of the evidence, its finding must stand, and hence its judgment must be upheld in accordance with the above-cited decision.

Regarding the argument that, as the plaintiff was a co-owner, she needed the consent of the majority of the participants in the common property in order to make the repairs, it seems to us that, conceding the correctness of the conclusion of the trial court to the effect that the repairs were necessary for the preservation of the house, the Civil

Code itself authorizes a co-owner to compel the other participants to contribute to the expenses of preserving the common property. Section 329 of said Code (1930 ed.) reads thus:

"Each of the co-participants shall have the right to oblige the others to contribute to the expenses of preserving the right or thing held in common."

In the case of *People* v. *Pagán, et al.*, 19 P.R.R. 696, 700, this court said:

"As regards the accused who is a joint owner, the fact that by section 404 of the Revised Civil Code a joint owner is prohibited from making any changes in the common property without the consent of the other owners, although benefits to all may result therefrom, is no excuse, because, as we have said, this is a case of repairs only, involving no change in the property owned in common; and if, as stated, the accused as attorneys in fact of certain of the joint owners are under obligation to make these repairs, then the accused joint owner is under a like obligation and *a fortiori* in view of the fact that section 402 of the Revised Civil Code gives him the right to compel the other joint owners to contribute to the expenses of preserving the common property."

The sixth and last assignment is to the effect that the court erred in adjudging the defendants to pay interest at the rate of 9 per cent per annum.

The district court, in adjudging the defendants to pay said interest, relied on the authority of *Goico* v. *Rodríguez et al.*, 30 P.R.R. 563, 565. In that case it was said: "This being true, the rule that should govern is to be found in the opening sentence of the text quoted in our former opinion: 'It is well settled that the conventional rate of interest will be allowed after maturity where there is a stipulation to this effect, and it has also frequently been held that such rate may be allowed even in the absence of an express agreement to that effect where from the terms of the obligation itself when properly construed it is plainly manifest that this was the intention of the parties.'" See *Caraballo* v.

*Registrar,* 48 P.R.R. 902, 904; and *Muñoz* v. *Nieves,* 53 P.R.R. 331, 336.

There was no error. The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.