ALLEN, *Administrator, versus* POLERECZKY.

A gift of personal property *inter vivos*, in order to be effectual, must be absolute, and the donor must, at the time of the gift, part with all present and future dominion over it.

ASSUMPSIT for money had and received to the use of Wentworth Allen, the plaintiff's intestate.

Wentworth Allen was a shipmaster. He returned from Mexico with health somewhat impaired. He, however, performed several coasting voyages afterwards. On starting upon one of these voyages, he placed in the defendant's hands $950, to be deposited in the savings bank. The defendant deposited the same to his own credit, taking a certificate thereof in the form, commonly called a bank book, which he lodged with his daughter Nancy, for safe keeping.

There was evidence tending to show, *that* an engagement of marriage between the intestate and said Nancy had subsisted for three or four years; *that,* on his return from that voyage, she showed to him the bank book; *that* he examined it, handed it back to her with a statement, *in* substance, that if he should die, before having made any different disposition of the money, it should be hers. He died soon afterwards, having done no further act in relation to the subject.

The jury were instructed that, if that testimony was believed, the plaintiff would not be entitled to recover. To that

Allen *v.* Polereczky.

instruction, the plaintiff, (the verdict being against him,) excepted.

*Ruggles* and *Ingalls*, for the plaintiff.

If the money can be withheld from the plaintiff, it must be either as a gift *inter vivos;* or as a *donatio causa mortis,* or by a nuncupative will.

There was no such delivery, as to constitute a valid gift *inter vivos.* It was not to take effect while the donor lived. The delivery of the bank book was not a delivery of the money, even symbolically. The book contained no contract. It was a mere abstract of the bank records. It was in itself of no value. The act of the intestate was testamentary. At most, it exhibited a mere intention of making a gift at some future time. There was a *locus penitentiæ,* during the whole residue of his life. 2 Kent's Com. 438; *Noble* v. *Smith,* 2 Johns. 52; Bac. Abr. 4, c. 110, a. § 1, 4.

2. The act was wholly inoperative as a donation *causa mortis.* 2 Kent's Com. 444, 445; *Weston* v. *Hight,* 17 Maine, 287; 2 Blackstone's Com. 441; *Waldron* v. *Dixon,* 5 Monro, 170.

3. Neither was there a nuncupative will. R. S. c. 92, § 9, 10 and 11.

*Evans,* for the defendant.

1. The defendant never appropriated the money. He was a mere messenger to deposit it. True, he deposited it in his own name. But the intestate ratified the act, and afterwards appropriated the money.

2. The intestate divested himself of the ownership. The book contained a contract, assignable by delivery. It represented the money, and stood in lieu of it. He gave it to Nancy. In the gift, there was no contingency. It was a valid irrevocable gift, effectual at the time. Accordingly, he never afterwards spoke upon the subject. We make no claim under a nuncupative will or as a *donatio causa mortis.* It is sufficient for us, that there was a valid gift *inter vivos.*

SHEPLEY, C. J. — An opinion has been recently drawn in

the case of *Dole v. Lincoln, pending in the county of Kennebec, in which the law respecting donations inter vivos, as well as respecting donations mortis causa, has been examined.

According to the conclusions therein stated, the gift must be absolute and irrevocable, and the donor must part with all present and future dominion over it, to constitute a valid donation inter vivos. According to the testimony in this case, it was to become the property of the donee absolutely, only in case of the death of the donor. It cannot, therefore, be sustained as a valid gift inter vivos.

Nor can it be sustained as a donatio mortis causa, for it was not given in contemplation of the near approach of death.

The peculiar circumstances of the case, must not be allowed to weaken the established rules of law. The instructions were erroneous. *Exceptions sustained, verdict set aside, and new trial granted.*

---

\* Published in a subsequent page of this volume.