## Albert Crane v. Harriet Dwyer and others.

Equity will not lend its aid to enforce a penalty or forfeiture.

Where, under a contract for the purchase of lands, the vendee took possession and erected a dwelling house, and the vendor subsequently declared the contract forfeited for non payment of an instalment of the purchase money, and pending proceedings to recover possession, asked an injunction to restrain the vendee from removing the house, the injunction was refused, on the ground that to grant the relief would be to aid in enforcing the forfeiture.

*Heard November 12th. Decided November 19th.*

Appeal in Chancery from Wayne Circuit.

On the 17th day of September, 1858, Charles Dwyer, the husband of the defendant Harriet Dwyer, entered into an agreement with Albert Crane, the complainant, for the

purchase of a certain lot in the city of Detroit. Dwyer was to pay for the lot $500 in small installments, running through a period of several years, and upon the full payment of the purchase money, Crane agreed to make him a warranty deed of the lot. The agreement provided that "in case of default by the party of the second part, his heirs, cutors, administrators or assigns, in any of the conditions above stipulated to be performed by him, it shall and may be lawful for the party of the first part, if they see fit, to declare this contract void, and to re-enter upon the said premises at any time after such default, without serving on the party of the second part, or other person holding under him, a notice to quit said land. And in case this contract shall be so declared void, the party of the second part shall thenceforth be deemed a mere tenant at will, under the said party of the first part, and be liable to be proceeded against without notice to quit, under the provisions of an act regulating proceedings in cases of forcible entry and detainer, and the acts amending the same. And the party of the first part, in such case, shall be at liberty to sell the said land to any person or persons whomsoever, without being liable in law or equity to the party of the second part, or any person claiming under him, for any damages in consequence of such sale, or to return any payments made on account of this contract; and payments which shall have been made, may be held by the party of the first part, as stipulated damages for the non-performance of this contract. And said first party shall have a right to recover all damages sustained by reason of the holding over of said second party without permission."

After the execution of this agreement, Dwyer entered into possession of the lot, and erected a dwelling house thereon at an expense of $500, and made payments from time to time to the amount of about ninety dollars. The house was placed on blocks of wood resting on the surface of the ground, and there was no cellar under it.

CRANE v. DWYER.

Dwyer sold and assigned the agreement to one Dunroe, who assigned it to defendant Harriet Dwyer. She is now in possession of the house. Default having been made in the payment, complainant proceeded under the statute to obtain possession of the premises. While this matter was pending before the commissioner, the defendants undertook to remove the house, and this bill was brought to enjoin them. Injunction issued, and upon motion to dissolve, based upon bill and answers, it was stipulated to consider the hearing of the motion as a final hearing in the case. The court granted a decree dismissing the bill, and dissolving the injunction. From this decree the complainant appealed.

*D. C Holbrook*, for complainant.

*Maynard & Meddaugh*, and *G V. N. Lothrop*, for defendants.

MANNING J.:

Equity will not lend itself to enforce a penalty or forfeiture, as it would do in giving the relief asked. The case made by the bill, is a forfeiture by one of defendants of all her rights in a contract made with complainant for the purchase of a lot of ground in the city of Detroit, and assigned to her. The house in question was built by the purchaser after he took possession of the lot; and complainant having put an end to the contract, for the non-payment of a part of the purchase money at the time stipulated, as by the terms of it he had a right to do, claims the house under the forfeiture, and asks an injunction to prevent its removal. The decree dismissing the bill must be affirmed.

The other Justices concurred.