MARY CRAIG, Ex'x *v.* JOHN L. KITTREDGE.

Where the payee of a note placed it in the hands of a third party, and directed the maker to pay it to such third party on the payee's decease, and afterwards died, *held* that such third party was not entitled to the note as against one who by the subsequent will of the payee is made legatee of the note and executor of the will.

TROVER, brought by the executrix of the will of Esther Kittredge for the recovery of a note held by the defendant under the following circumstances :

In the year 1860, the said Esther Kittredge placed in the hands of the defendant a note against one Leonard C. French, 2d, and at the same time gave to him an order in writing as follows :

"Oct. 15, 1860.

Mr. L. C. French, 2d, Pay to John L. Kittredge the amount of the note I hold against you at my decease.

My
Signed,          ESTHER ⋈ KITTREDGE.
mark.

Witness, SARAH MUDGE."

On the 7th of October, 1862, this note was renewed, and the new note left with the defendant with the same instructions to the said Kittredge as upon the first note, and with the further verbal instructions that if there should be any balance due upon said last named note at her decease, to collect the same and pay it over equally to her two sons, Nehemiah and Leonard Kittredge.

This note was dated Oct. 7, 1862, and made payable in the sum of two hundred dollars to the order of the said Esther Kittredge on demand with interest. The interest on this note had been paid annually to the said Esther. The last payment was in August, 1863.

On the 31st day of October, A. D., 1863, the said Esther made her will devising to her daughter, Mary Craig, all the property of which she died seized, of every kind and description, wherever the same might be situated, and appointed the said Mary executrix.

Esther Kittredge died Nov. 16, 1863. This will was approved Dec. 31, 1863.

On the 16th day of February, 1864, the said John L. Kittredge, having no knowledge of the existence of said will, collected the amount due upon said note and appropriated the same according to the request of said Esther. A demand was made upon the defendant for said note, and the service of the writ made May 14, 1864.

This case is submitted to the court upon the foregoing statement of facts, reserving to either party the right to a trial by jury without prejudice from anything herein contained.

*Upton,* for plaintiff.

*Parker* & *Johnson,* for defendant.

BARTLETT, J. Unless the transaction between Esther Kittredge and the defendant amounted to a valid gift of the note, the plaintiff must recover; *Shirley* v. *Healds,* 34 N. H. 411; *Gilman* v. *Cutting,* 41 N. H. 147; for any mere agency was revoked by her death. *Davis* v. *Lane,* 10 N. H. 156; *Wilson* v. *Edmonds,* 24 N. H. 547; Story's Agency sec. 488 *et seq.* It was not valid as a gift *inter vivos,* for that goes into absolute and immediate effect, the donor parting not only with the possession but with the dominion of the property; 2 Kent 438; *Sanborn* v. *Goodhue,* 28 N. H. 56; *Reed* v. *Spaulding,* 42 N. H. 119; *Allen* v. *Polereczky* 31 Me. 338; nor as a *donatio causa mortis,* for it does not appear that the note was delivered by Esther in her last sickness, or when in any particular peril of death, or under any special apprehension of such peril. 2 Blk. 514; 2 Kent 444; 1 Story Eq. sec. 606 and n.; *Smith* v. *Kittredge,* 21 Vt. 238; *Grattan* v. *Appleton,* 3 Story 763; *Weston* v. *Hight,* 5 Shepl. 290; *Dole* v. *Sinclair,* 31 Me. 429; *Raymond* v. *Sellick,* 10 Conn. 484.

There must be judgment for the plaintiff unless the defendant elects a jury trial.