## LOREN DAY v. EDWARD COLE ET AL.

*Bill to compel payment—General demurrer—Parties—Laches—Foreign administration.*

1. A bill to compel payment of the purchase price on a contract of sale is in the nature of a foreclosure bill, and not demurrable as praying a forfeiture, since the court has power to protect all equities when the rights under the contract are determined, and to order a sale, if necessary, for the satisfaction of moneys due.

2. A bill to obtain payment for land contracted to be sold is not demur-
rable generally on the ground that complainant does not own the
title to all the lands, but that part of it is in one of the defendants;
if all parties are in court it is enough, and a demurrer admits them to
be if so alleged.

3. Lapse of time is not ground for demurring to a bill, the object of
which is to obtain payment on a land contract; it tells against the
purchaser who has failed to demand a conveyance, rather than the
seller.

4. A bill filed by persons claiming as assignees of foreign executors is not
demurrable on the ground that the will was probated in another
state, if it appears that letters of administration based on the foreign
probate have also been issued in the state where suit is brought.

5. General demurrer challenges equities and not faults of pleading.

6. It is not ground for general demurrer that a bill does not show that
executors, under whom complainant claims, had power to sell, to the
exclusion of heirs.

Error to Ottawa. (Arnold, J.) Jan, 28.—April 9.

BILL to compel payment. Defendants appeal. Affirmed.

*Allen C. Adsit* and *Jno. C. Fitz Gerald* for complainant.

*O. L. Jordan* for defendants appellant.

COOLEY, C. J. This case comes before the Court on de-
murrer to a supplemental bill of complaint. The circuit
court overruled the demurrer, and the parties demurring appealed.

The original bill was filed September 12, 1881, against a
large number of defendants, the leading purpose being to
obtain payment of the purchase moneys on a certain contract
for the sale and conveyance of lands, made between the Blen-
don Lumber Company, as vendor, and the defendant Edward
Cole, as vendee, and bearing date September 1, 1866. The
case on its facts was exceedingly complicated. There were
two collateral contracts assigned as security for the principal
contract. The members of the lumber company, which was
a partnership, were all dead, and there had been transfers of
interests by personal representatives and heirs. On the hear-
ing on the original bill, the court was satisfied that all parties

in interest were not before the court, and had directed the case to stand over for the bringing in of other defendants. This was done by the supplemental bill, and several of the parties brought in demurred for want of equity.

1. One ground assigned for demurrer in the brief for defendants is that the bill prays for a forfeiture, which equity will not grant. *Crane v. Dwyer* 9 Mich. 350; *Wing v. Railey* 14 Mich. 83. But this is not the correct view to take of the bill. It is in the nature of a bill of foreclosure, and when the rights under the contract are determined, the court will have full power to provide for the protection of all equities, and to order a sale for the satisfaction of moneys due, if necessary. *Fitzhugh v. Maxwell* 34 Mich. 138.

2. Another ground of objection to the bill is that it appears thereby that complainant is not owner of the title to all the lands contracted to be sold, but a part of them are owned by the defendant Jordan, who should have been joined as complainant. But if this objection is well grounded in fact, it is not good in law as a ground for general demurrer. If all the parties in interest are before the court it is sufficient; and they are before the court, either as complainants or defendants, if the allegations of the bill are true, as the demurrer admits them to be.

3. The claim upon the contract is said to have become, by the great lapse of time, a stale claim; but the remedy upon it does not appear, in view of the recitals in the bill of the dealings of the parties, to have become barred by the statute of limitations or any rule applied by analogy. Besides, complainant, by his bill, claims to represent the title; and lapse of time would seem to tell rather against the purchaser, who has failed to demand and obtain a conveyance, than against the seller.

4. Complainant claims his rights under the contract through an assignment by executors, whose authority was derived through a will made and probated in another state; and the assignment is said to be ineffectual, not only because made by foreign executors, but also because it is not shown by the bill that the condition of the estate was such as to

give the executors power to sell to the exclusion of the heirs. The first ground is without merit, because it appears that letters based upon the foreign probate were issued in this State; and the second, if of any force, might perhaps be ground for special demurrer, but not for general demurrer for want of equity. Mere technical defects in the statement of the case, which might be cured by amendment if specially pointed out, will be overlooked on general demurrer, and the court will examine the bill only so far as to see that the substance of a good case is set out, even though it be inartificially, or with technical faults and deficiencies. *Clark v. Davis* Har. Ch. 227; *Farwell v. Johnston* 34 Mich. 342. The general demurrer challenges the equities, and not faults of pleading merely.

The order overruling the demurrer is affirmed, and the record remanded, with leave to answer under the rules.

CAMPBELL and SHERWOOD, JJ. concurred. CHAMPLIN, J. did not sit in this case.