Argued March 11, affirmed April 19, motion to retax costs allowed June 8, rehearing denied June 8, motion to modify judgment denied July 12, 1921.

## GRIGNON v. SHOPE.

### (197 Pac. 317.)

**Pleading—Allegation of Probate of Will Held Sufficient on General Demurrer Without Alleging Probate was on Sworn Petition.**

1. Though probate of a will should be on a sworn petition, it is enough as against a general demurrer for complaint on a note assigned by an administrator c. t. a. to allege probate was on petition, showing enumerated things.

**Executors and Administrators—Order of Court not Necessary for Sale of Note.**

2. A statute requiring an order of court for sale of personal property by an administrator does not apply to negotiable instruments.

**Executors and Administrators—Assignee of Foreign Administrator may Sue in the State.**

3. The right of an assignee of a note to sue thereon in the state is not affected by the fact of the assignor's being a foreign administrator.

**Gifts—Essentials of "Gift Inter Vivos" Enumerated.**

4. The essential elements of a "gift *inter vivos*" are: A donor competent to contract; freedom of will of donor; the gift must be complete and nothing left undone; the property must be delivered by the donor and accepted by the donee; the gift must go into immediate and absolute effect.

**Gifts—Invalid for Condition of Reversion.**

5. A gift is rendered invalid by a condition coupled therewith that on the happening of an event it shall revert to the donor.

**Gifts—Giving of Note Indicates Gift of Money was not Accepted.**

6. The giving by the alleged donee of money to the alleged donor of a note for the amount, said donee urging said donor to take the note, indicates that the gift was not accepted.

---

6. The question of note as subject of gift by maker is discussed in notes in Ann. Cas. 1914C, 1139; 26 L. R. A. 305; 27 L. R. A. (N. S.) 308; L. R. A. 1918C, 340.

Gifts—Intention to Transfer Title Essential for Gift Inter Vivos.

7.   To make a valid and effective gift *inter vivos*, there must be an intention to transfer title to the property.

Gifts—Relinquishment of Control Essential for Gift Inter Vivos.

8.   For a valid gift *inter vivos* there must be, not only a delivery of possession of the article, but a relinquishment of dominion and control.

Gifts—Loan not a Gift.

9.   A loan is not a gift.

Gifts—Showing of Intention and Delivery Essential for "Gift Causa Mortis."

10.   To make a "gift *causa mortis*" there must be clearly and intelligently manifested an intention to make a present gift, and in consummation of the intention a delivery of the property to or for the use of the donee.

Gifts—Apprehension of Speedy Death Essential for Gift Causa Mortis.

11.   A gift *causa mortis* must be made on apprehension of speedy death from present sickness or impending peril.

Gifts—Gift Causa Mortis Revocable During Donor's Life or by Recovery from Illness.

12.   A gift *causa mortis* is revocable during life of the donor or is revocable by recovery or delivery of the donor from the illness or peril.

Pleading—Allegation That Gift was not Revoked, Conclusion.

13.   Allegation of pleading, claiming a gift, that the alleged donor did not revoke it, is a conclusion.

Gifts—Evidence of Gift Causa Mortis Closely Scrutinized.

14.   Gifts *causa mortis* are against the policy of the law, and evidence thereof is carefully scrutinized.

Wills—Foreign Judgment of Probate cannot be Attacked for Irregularities.

15.   Under the full faith and credit clause, Article IV, Section 1, Constitution of the United States, probate proceedings of another state cannot be discredited for irregularities.

Wills—Foreign Decree Probating Will cannot be Attacked by Showing Later Will.

16.   Decree of another state probating a will cannot be attacked on the ground of there being a later will, except by proceedings in the other state.

Bills and Notes—Evidence of Execution Sufficient.

17.   Evidence of execution of note sued on *held* sufficient to sustain finding.

Depositions—Not Objectionable for Statement for Identifying Person.

18.   Depositions of plaintiff and his witness A. are not objectionable because of their statement that A. was administrator of the

payee of the assigned note sued on, this being merely for identifying the administrator, and not used for proving his appointment.

**Stipulations—Not to Object to Form of Deposition, Effective.**

19. Depositions are admissible notwithstanding informalities therein, it having been stipulated by the parties that no objection should be made to the form or manner of taking them.

**Bills and Notes—Expression Construed to Mean Interest at Rate Per Annum—"10 Per Cent Interest."**

20. Quoted provision in note providing for payment of its face amount, "at 10 per cent interest" means with interest at the rate of 10 per cent per annum.

### ON MOTION TO RETAX COSTS.

**Costs—For Additional Abstract by Respondent not Taxable, Where It was a Copy of Appellant's Abstract.**

21. Supreme Court rule 7 (89 Or. 712, 173 Pac. viii), providing for a further or additional abstract by respondent, if the appellant's abstract be imperfect or unfair, does not contemplate the repetition of matter included in appellant's abstract, so that, where respondent's additional abstract repeats the matter contained in appellant's abstract, and includes a transcript of the testimony, costs therefor cannot be taxed.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

This is an action upon a promissory note. The cause was tried by the court without the intervention of a jury. Findings of fact were made in favor of plaintiff. From the resulting judgment defendant appeals.

The plaintiff alleges the following facts: Defendant executed his note to Anna M. Scott, January 22, 1912, which reads thus:

"$1200.00.        Portland, Oregon, January 22, 1912.

"Fifteen months after date I promise to pay to the order of Anna M. Scott Twelve Hundred Dollars at 10 per cent interest. Value received.

"D. F. SHOPE.

"No. ——.   Due June 22, 1913."

Mrs. Scott was a resident of Waupaca County, Wisconsin, and died there September 23, 1916, leaving a

will. On October 24, 1916, a petition was filed in the County Court of the State of Wisconsin for the county of Waupaca, showing her death, residence, the leaving of a will, probable value of property, heirs at law, devisees, and praying proof of will and probate. On November 22, 1916, the alleged instrument was proven and an order made by said court admitting it to probate. There being no executor named, the court, on November 22d, duly appointed Isaac W. Acker as administrator of the estate of decedent with will annexed. Acker qualified as such administrator, by giving an undertaking approved by the court, and November 22, 1916, letters of administration were issued to him, and he continued to act as such administrator until April 5, 1917, when the estate was closed and he was discharged. At the time of her death, Mrs. Scott was the owner and holder of the note, and on the appointment of Acker it came into his hands as administrator. In January, 1917; as administrator, he sold, indorsed and delivered it to plaintiff, who has since been the owner and holder thereof. No part thereof has been paid.

A general demurrer was interposed to the complaint and overruled by the court. The defendant answered, admitting that one Anna M. Scott died in Waupaca County, Wisconsin, in September, 1916, and was a resident thereof. All the remainder of the complaint was denied.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Robert G. Wright.*

For respondent there was a brief over the names of *Mr. Samuel T. Richardson* and *Mr. W. E. Richardson,* with an oral argument by *Mr. Samuel T. Richardson.*

BEAN, J.—1. The first question raised is, Did the court err in overruling the demurrer to the complaint? Defendant contends that the probate of the will of Anna M. Scott should have been made upon a sworn petition, and that the complaint should so allege. The complaint is sufficient in the respect challenged, and the demurrer was properly overruled: 11 R. C. L., p. 285, § 328; *Kirsch* v. *Derby,* 96 Cal. 602 (31 Pac. 567); *Chamberlain* v. *Tiner,* 31 Minn. 371 (18 N. W. 97).

2, 3. Defendant objects that the note was not shown to have been sold and indorsed by order of the probate court. The objection is untenable.

The Wisconsin law and that of our own state are similar in requiring sales of personal property to be made by order of the court; but in each state it is held that negotiable instruments need not be sold by order of the court. That the executor or administrator may sell, indorse, and transfer a negotiable instrument and other choses in action without an order of court, is the rule: *Weider* v. *Osborne,* 20 Or. 307, 309 (25 Pac. 715). A foreign administrator may indorse, sell and deliver negotiable instruments and choses in action, and the assignee may maintain his action thereon at any place: *Harper* v. *Butler,* 27 U. S. (2 Pet.) 237 (7 L. Ed. 410, see, also, Rose's U. S. Notes); *Day* v. *Cole,* 56 Mich. 294, 296 (22 N. W. 811); *Campbell* v. *Brown,* 64 Iowa, 425, 426 (20 N. W. 745, 52 Am. Rep. 446); *McCully* v. *Cooper,* 114 Cal. 258, 262 (46 Pac. 82, 55 Am. St. Rep. 66, 35 L. R. A. 492).

As separate defenses defendant averred in substance as follows: Anna M. Scott was his aunt and gave him the $1,200, "upon the condition that if she did not revoke the gift before death it would become absolute," and it was made in contemplation of death.

She was 81 years of age and feeble. It was further agreed between defendant and his aunt that defendant should make his note to her for $1,200, but the note was not to be deemed as executed or delivered, unless the aunt revoked her gift *causa mortis,* and the note was and is evidence only of their agreement. The aunt did not revoke her gift to defendant. Defendant is one of the heirs of his aunt. He knew nothing of her death or the purported probate of her estate until about one year afterwards. The note was satisfied, canceled and annulled by the death of the aunt. About March, 1912, the aunt made a will at Portland, Oregon, in which she devised all of the residue of her estate to defendant. Unless a subsequent will devised the residue otherwise, this will becomes a part with a subsequent will, making only special bequests, and defendant is the devisee of more than he would be heir to under Wisconsin laws, which are set out.

On motion of plaintiff the separate answers of defendant were stricken out. Whether or not this was error depends upon whether the stricken portions constituted any defense.

4–13. The defendant undertook to plead a gift which is not valid either as a gift *inter vivos* or *causa mortis.* The essential elements of a gift *inter vivos* are, (1) a donor competent to contract; (2) freedom of will of donor; (3) the gift must be complete and nothing left undone; (4) the property must be delivered by the donor and accepted by the donee; (5) the gift must go into immediate and absolute effect: *Merc. S. D. Co.* v. *Huntington,* 89 Hun (N. Y.), 465, 469 (35 N. Y. Supp. 390). A gift on condition of the happening of an event that it shall revert to the donor renders the gift invalid: *Irish* v. *Nutting,* 47 Barb. (N. Y.) 370, 384; *Rosenburg* v. *Rosenburg,* 40

Hun (N. Y.), 91, 96; *Smith* v. *Dorsey*, 38 Ind. 451 (10 Am. Rep. 118); *Allen* v. *Polereczky*, 31 Me. 338, 339. The defendant gave Anna M. Scott, the alleged donor, a promissory note for what is now claimed to be a gift. The pleading did not show that the transaction was complete, but it was left for further consideration. The giving of the note indicated that the gift was not accepted by the defendant, as he says he urged his aunt to take the note. To make a valid and effective gift *inter vivos* there must be an intention to transfer title to the property, as well as the delivery by the donor and acceptance by the donee. The answer, in order to be effective, should have alleged facts showing that it was the intention of Anna M. Scott, the alleged donor, to relinquish the right of dominion over the subject of the gift and to create the right of dominion in B. F. Shope, the defendant. The delivery of such a gift must be not only of possession, but also of the dominion and control of the property. The title must be absolute and go into immediate effect so far as the donor can make it so by intent and delivery, and must be so complete that if the donor again resumes control of it without the consent of the donee he becomes liable as a trespasser. A loan is not a gift. What defendant claims is in effect a loan: 12 R. C. L., p. 932, § 10. To make a gift *causa mortis* there must be clearly and intelligently manifested an intention to make a present gift to another, and, in consummation of this intention, a delivery of the property to or for the use of the intended donee. However, the donor intends that the gift is revocable or defeasible. It must be made upon apprehension of speedy death from present sickness, or impending peril: 12 R. C. L., p. 956, §§ 32, 33 et seq. The gift is revocable during the lifetime of the donor

or is revocable by recovery or delivery of the donor from the illness or peril. It must be conditioned on that event: 12 R. C. L., p. 962, § 36. The defendant indicates in his answer that Anna M. Scott never revoked the alleged gift. That is but a conclusion. The essentials of a gift *causa mortis* are not shown either by the answer of the defendant or by his testimony.

14. Gifts *causa mortis* are against the policy of the law. They are liable to occasion fraud and are subject to many mistakes. They are made without the safeguards cast by the law around the execution of wills. Care should be taken in scrutinizing the evidence of such a gift: 12 R. C. L., p. 956, § 31.

15, 16. The answer admits the administration of the estate of Anna M. Scott, deceased, but undertakes to discredit the proceedings in the State of Wisconsin on account of irregularities. Full faith and credit must be given to judicial proceedings of other states: U. S. Const., Art. IV, § 1; *United States Fidelity Co.* v. *Martin,* 77 Or. 369, 383 (149 Pac. 1023); *Christmas* v. *Russelll,* 72 U. S. (5 Wall.) 290, 301 (18 L. Ed. 475, see, also, Rose's U. S. Notes). The defendant alleges that Anna M. Scott, at Portland, executed another will in which she devised property to defendant. If the defendant desires to contest the will which was probated in the State of Wisconsin, or to prove another will, it is necessary that he should apply to the court in the State of Wisconsin. He cannot collaterally attack the validity of the decree of the court of that state for irregularities.

17. The defendant contends that the testimony is not sufficient to support the findings of fact made by the trial court for the reason that the execution of the note in suit was not proven. There is no merit

in this contention. The promissory note is attached to the depositions of plaintiff, Edith A. Grignon, and Isaac W. Acker, who was administrator with the will annexed of the estate of Anna M. Scott, deceased. The depositions were taken upon stipulation in the State of Wisconsin. They were read in evidence over the objections of the defendant. Edith A. Grignon deposed that the note was genuine. The defendant admits the execution of the note. He refers to the note, and stated in his testimony that he "thought it peculiar that this note would be enforced." Upon the note being presented to him and being asked whether it was his, he answered:

"A. I would say it absolutely looks very much like it.

"(By the Court.) Is it or is it not?

"A. I wouldn't swear it absolutely was."

The testimony is amply sufficient to sustain the findings of fact.

18, 19. Objection was made to the depositions of Isaac W. Acker and plaintiff for the reason that it is stated therein that Isaac W. Acker was the administrator of Anna M. Scott, deceased. This merely had the force of identifying the administrator, and was not introduced for the purpose of proving the appointment. Duly authenticated copies of the probate proceedings in the matter of the estate of Anna M. Scott, deceased, were introduced in evidence. The appointment of Isaac W. Acker, as administrator of the estate, is fully set forth in those proceedings. There are informalities in the depositions, but it was stipulated by the parties that no objection should be made as to the form or manner of taking them. There was no error in admitting the depositions.

20. The trial court allowed interest on the note at 10 per cent per annum, construing the expression

therein "at 10 per cent interest" to mean interest at the rate of 10 per cent per annum. There was no error in so holding: *Finley* v. *Acock,* 9 Mo. 489; *Higley* v. *Newell,* 28 Iowa, 516, 519; *Brooks* v. *Boyd,* 1 Ga. App. 65 (57 S. E. 1093, 1096).

We find no error in the record. The judgment of the trial court is affirmed.

AFFIRMED. COSTS RETAXED. REHEARING DENIED. MOTION TO MODIFY JUDGMENT DENIED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.

---

Allowed June 8, 1921.

MOTION TO RETAX COSTS.

(198 Pac. 520.)

Department 2.

On motion to retax costs.          MOTION ALLOWED.

*Mr. S. T. Richardson* and *Mr. W. E. Richardson,* for the motion.

*Mr. Robert C. Wright, contra.*

BEAN, J.—21. Defendant, D. F. Shope, has filed a motion to retax the costs in this case. Objection is made to the item of $16.50, for the additional abstract of record filed by respondent Edith A. Grignon, for the reason that it is not an allowable disbursement under rule 7 of this court. Appellant contends that the copies of the findings of fact, conclusions of law and judgment, in the additional abstract, are identical with the matter set out in appellant's abstract of record; and that the remainder of the

additional abstract sets out "testimony," being copies of depositions. Counsel for plaintiff answer defendant's first objection by the claim that the appellant's abstract of record does not show that the lower court ever adopted the findings or judgment.

An examination of the abstract and the additional abstract of record discloses that the findings of fact and conclusions of law as printed are practically identical in both of the abstracts. In appellant's abstract of record the findings of fact are stated as proposed by plaintiff, and followed by objections and exceptions thereto. On page 51 of that abstract we find that the objections and exceptions of the defendant to the findings, conclusions of law, and judgment of the court thereon, were denied; and also the following:

"And on the seventh day of January, 1920, the following:

"JUDGMENT.

"The findings and judgment are identical in form with that hereinbefore set out as presented and proposed by the plaintiff to be made by the court, and which were made and are now of record herein."

It was therefore unnecessary to set forth the findings of fact, conclusions of law and judgment in respondent's additional abstract of record. The testimony taken by depositions was read into the record. These depositions are contained in respondent's abstract of record. In reading the testimony upon the consideration of the cause, as memory serves, the printed copies of the depositions in respondent's abstract were not noticed. The same matter was included in the transcript of testimony, and it was unnecessary to print such testimony in the abstract.

Rule 7 reads thus:

"If the respondent shall deem the appellant's abstract imperfect or unfair, he may, within ten days

after receiving a copy thereof, deliver to the appellant's counsel one, and to the clerk of this court, with proof of service upon appellant, sixteen printed copies of such further or additional abstract as he shall deem necessary to a full understanding of the questions involved in the appeal."

This rule, as will be noticed, provides for "further or additional abstract." It does not contemplate a repetition of matter included in the appellant's abstract. The rules relating to the abstract of record do not provide for including a transcript of testimony. Such practice would open the door to printing abstracts of great length, to the unnecessary expense of the opposite party in the event judgment should be against him.

The objection to the item of $16.50, contained in respondent's cost bill for the amended abstract of record, is well taken. The item is disallowed.

COSTS RETAXED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.