No. 10,056.

WAGNER, ET AL. v. WAY.

Decided July 5, 1921.

Action for injunction to prohibit defendant from interfering with an aerial tramway. Judgment of dismissal.

*Modified and Affirmed.*

*On Application for Supersedeas.*

1. EQUITY—*Forfeiture.*  Equitable relief sustaining a forfeiture will not be granted.

*Error to the District Court of San Juan County, Hon. W. N. Searcy, Judge.*

Mr. E. B. ADAMS, for plaintiffs in error.

Mr. WILLIAM A. WAY, *Pro se.*

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error were plaintiffs below and were denied their prayer for an injunction to forbid defendants to interfere with the lower end of an aerial tramway and their bill was dismissed. They ask for a supersedeas.

The plaintiffs claimed the tramway under a lease to defendant, who built it, by virtue of a clause in the lease forfeiting improvements, etc., "placed on the property" by the lessee, on termination of the lease by failure to make the payments therein required. Upon such failure the lessor took possession. The lower end was not literally "on" the leased property and so the court thought not within the terms of the forfeiture.

The judgment was right, because the plaintiff was asking equitable relief to sustain a forfeiture, something which a court of equity will not grant. 1 Pom. Eq. J. 459, 460; *Fulton Bank v. Beach,* 1 Paige (N. Y.) 429; *Baxter v. Lansing,* 7 Paige (N. Y.) 350; *Smith v. Jewett,* 40 N. H. 530, 534; *Oil Creek Co. v. Atlantic Co.,* 57 Pa. St. 65; *Warner v. Bennett,* 31 Conn. 468, 478; *Crane v. Dwyer,* 9 Mich. 350, 352, 80 Am. Dec. 87.

Whether the court's reasons were right we do not determine, though we are inclined to think that the whole of the tramway is an improvement "on" the leased property. A tramway is a unit.

The bill was rightly dismissed for the reason stated above. Plaintiffs could not sue at law because they were in possession of the property in question, with which de-

fendant had not yet interfered, so they, we think, should have opportunity to litigate their rights at law. The supersedeas, therefore, should be denied and the court below directed to order the dismissal to be without prejudice to the question of title to the property in dispute, neither side to recover costs in this court.

Supersedeas denied.   Judgment modified and affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.