## McLAUGHLIN,
*Respondent,*

*v.*

## McLAUGHLIN et al,
*Appellants.*

(80-1202-E; CA A24785)

671 P2d 740

Carlyle F. Stout III, Medford, argued the cause and filed the brief for appellants.

Walter L. Cauble, Grants Pass, argued the cause for respondent. With him on the brief was Schultz, Salisbury & Cauble, Grants Pass.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action against his half-brother and stepmother to enforce specifically an alleged contract between plaintiff and his father, the decedent, to make a will. According to plaintiff's complaint, decedent "orally promised that [a] house and property would be devised to plaintiff upon [his] death."

At the time of the purchase of the house in 1970, decedent took title in his own name, made the down payment and paid for the conversion of the carport into a family room. The evidence tended to prove that decedent bought the home for plaintiff and his family because of plaintiff's poor credit and financial condition and because decedent wanted to provide better living conditions for plaintiff. Since 1970, plaintiff has been in possession of the residential property in dispute and has made mortgage payments, paid taxes and insurance, maintained the property and has made improvements.

In October, 1973, decedent died testate, leaving his real property to his wife, defendant Mae McLaughlin. Mae later conveyed a one-half interest to defendant Martin. Although plaintiff had pleaded a contract to make a will, the trial court on its own decided the case in favor of plaintiff on the theory that decedent had made a completed *inter vivos* gift.[1] Defendants appeal from the determination that there was a completed gift and from the trial court's denial of their counterclaim for possession and reasonable rental value of the property. Plaintiff defends the trial court's holding that there was a gift and does not urge that the judgment can be sustained on a theory that there was a contract to make a will.

■ On *de novo* review, we find that the evidence is insufficient to support a judgment for plaintiff. An *inter vivos* gift requires that there be a present intent on the part of the donor to make a gift that goes into effect immediately, delivery of the thing given or a document evidencing ownership of it to the donee and acceptance of the gift by the donee. *Johnson v.*

---

[1] Other difficulties with plaintiff's theory that there was a contract to make a will are, *inter alia,* failure to join decedent's estate as a party defendant and failure to commence the action within the time limited by statute.

*Steen,* 281 Or 361, 369, 575 P2d 141 (1978); *Grignon v. Shope,* 100 Or 611, 616, 197 P 317, 198 P 520 (1921).

■ Here, plaintiff's own admissions defeat the gift. He pleaded and testified that decedent purchased the property in his own name and told plaintiff that it would be his on his death. His own testimony is, therefore, that decedent's intent was to make a testamentary disposition of the property and that plaintiff did not expect to acquire any ownership interest in the property until his father died. His own testimony is inconsistent with the theory that decedent had a present donative intent. *Johnson v. Steen, supra,* 281 Or at 371.

■ Further, decedent, by retaining the deed to the property in his own name, retained the legal title to it and the right to deal with the property as his own. Before decedent could be said to have made a completed gift, he must have parted with the title. *Hanns v. Hanns,* 246 Or 282, 295-97, 423 P2d 499 (1967); *Grignon v. Shope, supra,* 100 Or at 617. There was no delivery to plaintiff of a deed in plaintiff's name and thus no transfer of dominion over the property required for a completed gift. Because there was no gift, the property passed to defendant Mae McLaughlin under decedent's will. Accordingly, defendants are entitled to possession of the real property and to an award of damages from plaintiff for wrongful withholding of possession.[2]

Reversed and remanded with instructions to enter a judgment in favor of appellants on respondent's claims and on appellants' counterclaim for possession and for a determination of appellants' damages.

---

[2] Defendants also assign error to certain evidentiary rulings of the trial court. Because of our disposition on other grounds, we do not reach those assignments of error.