Argued and submitted December 9, 1988, remanded for entry of judgment March 1, reconsideration denied April 28, petition for review denied June 13, 1989 (308 Or 142)

In the Matter of the Marriage of

## MAGINNIS,
*Respondent,*

*and*

## MAGINNIS,
*Appellant.*

(43959; CA A47191)

769 P2d 780

Patricia A. Vallerand, Eugene, argued the cause for appellant. With her on the brief was Leistner, Vallerand & Evans, Eugene.

James E. Eickelberg, Corvallis, argued the cause for respondent. With him on the brief was Eickelberg & Fewell, Corvallis.

Before Buttler, Presiding Judge, and Warren and Newman, Judges.

WARREN, J.

## WARREN, J.

Husband appeals from a modification of a dissolution judgment. The modification order, among other things, imposed a trust in wife's favor to secure husband's payment of future spousal support. The court ordered husband's professional corporation, as the payee of a promissory note, to pay the proceeds of that note to wife, who, in turn, was ordered to deposit the proceeds in an interest bearing, federally insured account. It also imposed specific conditions on the distribution of the funds to wife.

■ The professional corporation was not a party, and therefore the trial court was without authority to order it to do anything. On *de novo* review, however, we conclude that the corportation is husband's *alter ego* and that he must cause the corporation to assign the Schwartz & Cutting note to wife's attorney or to a financial institution as trustee. The trustee is to deposit the proceeds of the note in an interest bearing, federally insured account to be held in trust for wife to secure the payment of spousal support in accordance with the terms and conditions of the trial court's judgment, supplemented by these additional conditions:

■ (1) The court will enter an order disbursing the funds to wife if the court is satisfied that all available means to collect support, including contempt, have been exercised and that the efforts have not resulted in wife receiving spousal support which had been due.

(2) If wife dies before the note is paid off, the note shall be reassigned to husband after, but only after, any unpaid spousal support has been paid to her estate to the extent of available funds.

Remanded for entry of a judgment consistent with this opinion. No costs to either party.