Submitted on record and briefs January 17, reversed and remanded with instructions May 15, 1991

## CCH COMPUTAX, INC.,
*Appellant,*

*v.*

## ROY BARDON MAGINNIS, P.C.,
*Defendant,*

*and*

## Nancy MAGINNIS,
*Respondent.*

(39824; CA A64561)

810 P2d 1354

Jad Lemhouse and David B. Connell, Corvallis, filed the brief for appellant.

Nancy Maginnis, Albany, filed the brief *pro se* for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Several years ago, plaintiff obtained a judgment against defendant professional corporation, Roy Bardon Maginnis, P.C.[1] Plaintiff learned that Schwartz & Cutting, P.C., owed money to Roy Bardon Maginnis, P.C., under a contract between the two professional corporations. Plaintiff, as a judgment creditor, caused a writ of garnishment to be issued to Schwartz & Cutting, P.C., to obtain the proceeds. · ORS 29.137(2).

Roy Maginnis is defendant professional corporation's shareholder.[2] His former wife, Nancy Maginnis, claimed that a trust of which she is the beneficiary had been assigned the professional corporation's rights under the Schwartz and Cutting contract before the garnishment and was, therefore, entitled to the proceeds. Schwartz & Cutting, P.C., faced with conflicting claims, deposited the proceeds with the clerk of the court. ORS 29.275(2). Wife intervened in the garnishment proceeding. ORS 29.225(2); ORS 29.245(2). After a hearing, the court determined that the trust was entitled to the proceeds. ORS 29.245(2). Plaintiff appeals. We reverse.

In the dissolution proceeding, the court modified the Maginnis' dissolution judgment to impose a trust in wife's favor to secure husband's future spousal support payments. The court's judgment ordered husband's *professional corporation* to pay the proceeds from the Schwartz & Cutting contract to wife, who in turn was ordered to deposit them in a trust account. We reversed, because "[t]he professional corporation was not a party [to the dissolution proceedings], and therefore the trial court was without authority to order it to do anything." *Maginnis and Maginnis,* 95 Or App 411, 413, 769 P2d 780, *rev den* 308 Or·142 (1989). On *de novo* review, we found that the professional corporation was husband's alter ego. 95 Or App at 413. We remanded with instructions for the trial court to enter a judgment ordering husband to cause his professional corporation to assign its right to receive the proceeds under the contract to wife's attorney or

[1] This is a garnishment proceeding, and we use the terms plaintiff and defendant as they are defined in ORS 29.125.

[2] Roy Maginnis, the individual, is not a party to this action.

to a financial institution as trustee. The court, on remand, entered the order, but husband did not comply with it.

In the subsequent dispute over the garnishment, the court ruled that the assignment of the professional corporation's right to receive proceeds under the contract, which the court, on remand, had ordered husband to effectuate, "was effective." Consequently, it held that, when plaintiff's writ of garnishment was issued and served, the professional corporation "had no interest" in the contract that was subject to the writ. We do not agree.

As we noted in our previous opinion, the court lacked authority to order the *professional corporation,* which was not a party to the dissolution proceeding, to assign its interest to a third party.[3] *A fortiori,* the court, on remand, lacked authority to assign the professional corporation's interest to the third party by judicial fiat. Pursuant to our instruction, the court ordered *husband* to cause the professional corporation to make the desired assignment, but he did not obey the court's order. No assignment was made. The court's order, on remand, did not, because it could not, give wife or her trustee any right *as assignees* to receive the proceeds payable to the professional corporation. Wife pointed to no other basis for her entitlement to the proceeds in the garnishment proceeding. Plaintiff's right to receive the proceeds is justified by its status as the professional corporation's judgment creditor.

The court appointed a trustee as payee of money owing under the contract but ordered him not to disburse any funds until any appeal was resolved. The record shows that the proceeds that Schwartz & Cutting, P.C., deposited with the court were paid from the court to the trustee and that wife's trustee deposited the funds in a bank account. The court erred in awarding the proceeds to the trustee.

Reversed and remanded with instructions to order wife's trustee to return all proceeds of contract, plus accrued interest, to court and to enter an order for plaintiff in the garnishment proceeding.

---

[3] *Compare Street and Street,* 90 Or App 466, 753 P2d 424, *rev den* 306 Or 195 (1988), in which the wife joined her father-in-law and trustees as co-respondents in the dissolution proceeding to resolve the issue of whether notes and trust deeds executed by the husband and the wife in favor of the father-in-law were enforceable.