On appellant's emergency motion under ORAP 7.35 filed June 21, 1994, motion denied January 4, 1995

# In the Matter of the Marriage of

## Janice G. BENSON,
*Respondent - Cross-Appellant,*

*and*

## Jack BENSON,
*Appellant - Cross-Respondent.*

## (93-3-150; CA A83937)

888 P2d 96

Terrance J. Slominski and Terrance J. Slominski, P.C., for motion.

Mark A. Johnson and Findling & Johnson, *contra.*

Before Riggs, Presiding Judge, and De Muniz and Landau, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Husband has appealed the judgment in the dissolution of his marriage. Pursuant to ORAP 7.35, he has filed a motion seeking emergency relief to stay the execution of the money portion of the judgment during the pendency of the appeal and to set the undertaking necessary for supersedeas at $500. We deny the motion.

The judgment, *inter alia*, divides the parties' assets and awards wife a $161,001.03 equalizing judgment, payable immediately. To secure the money judgment, husband is required to grant wife various liens and security interests on real and personal property, as well as on assets of husband's business. Husband appealed and filed a $500 undertaking. Wife objected to the form of the undertaking. After a hearing, the trial court entered an order setting the undertaking at $75,000 and requiring husband to execute and file with the court various documents on the real property and business interests.

Husband contends that the trial court was without authority to set the undertaking at more than $500. Under ORS 19.040, a trial court may, in certain circumstances, order an undertaking in an amount larger than $500 in order to stay the proceedings. Husband contends that the authority provided in ORS 19.040 does not apply to appeals in domestic relations proceedings. He contends that ORS 19.040 has been "preempted" by ORS 107.105(4), which provides:

> "If an appeal is taken from a decree of annulment or dissolution of marriage or of separation or from any part of a decree rendered in pursuance of [various provisions in ORS chapter 107], the court making such decree may provide in a separate order for any relief provided for in ORS 107.095 and shall provide that the order is to be in effect only during the pendency of the appeal. No appeal lies from any such temporary order."

Husband argues that the "broad menu" of relief under ORS 107.095 protects the assets of the parties and, thus, that the undertaking for an appeal in a domestic relations case is limited to $500 under ORS 19.050(3).

■ We do not agree that ORS 107.105(4) supersedes ORS 19.040. The "relief" authorized by ORS 107.105(4),

pursuant to ORS 107.095, primarily addresses the on-going needs of the parties and children before the dissolution judgment finally establishes those requirements. Preservation of the subject matter during the appeal to prevent irreparable damage to the parties is accomplished through a supersedeas bond. *See In re Workman's Estate*, 156 Or 333, 349, 65 P2d 1395, 68 P2d 479 (1937). The dissolution statutes do not provide an avenue to recover losses from the dissipation of assets during an appeal. Although ORS 107.095(1)(e) allows the trial court to enjoin the encumbrance or disposition of real or personal property, ORS 107.095(3) specifically constrains the trial court from requiring an undertaking.

■■ However, we agree with husband that ORS 19.040 does not govern the undertaking here. As in most dissolution judgments, this judgment involves money, personal and real property and transfers. It is a hybrid of the circumstances enumerated in ORS 19.040(1)(a) to (d) for which a supersedeas bond may be ordered. Husband is therefore correct that the undertaking must be determined according to ORS 19.050. He is not, however, correct that the undertaking must be limited to $500.

ORS 19.050 provides, in part:

"(3)   In cases not provided for in ORS 19.040(1)(a) to (d), and *except as provided in subsection (4) of this section*, when an appeal is perfected, with an undertaking for costs on appeal only, proceedings shall be stayed as if the further undertaking thereof had been given.

"(4)(a)   In cases in which proceedings are stayed on the filing of an undertaking for costs on appeal as provided in subsection (3) of this section, the trial court on motion of any party or on its own motion, for good cause, may deny the stay or condition the stay on such terms and conditions as the judge determines are sufficient to avoid prejudice to the responding party or to the court. 'Good cause' includes but is not limited to a determination that the appeal is not made in good faith, is made solely for the purpose of delay, or otherwise is patently without any support in fact or in law. In determining whether good cause exists or whether to deny a stay or condition the stay on terms and conditions, the trial court shall consider the risk of irreparable harm to the appellant if a stay is not granted, the risk of irreparable harm

to other parties if stay is granted, and the likelihood of appellant prevailing on appeal." (Emphasis supplied.)

Here, the procedure set out in ORS 19.050(4)(a) was followed: husband filed his undertaking, wife objected and, after a hearing, the trial court set the undertaking. Under ORS 19.050(4)(a), the trial court had the authority to do so in the amount necessary to avoid irreparable harm.

■        Husband claims that the court could not order him to sign documents on behalf of the business when it was not a party to the action and that commercial security agreements should not have been required. However, the court had the authority to reach the corporate assets in order to preserve them during the appeal. *See Stice and Stice*, 308 Or 316, 325, 779 P2d 1020 (1989); *Maginnis and Maginnis*, 95 Or App 411, 769 P2d 780, *rev den* 308 Or 142 (1989). The trial court had heard a five- day trial and found that the parties had lived beyond their means, deferring payment of taxes and large debts, and that husband was not credible and did not provide credible evidence as to the value of his business. The court also found that both parties had violated the court's order restraining either from liquidating marital assets without court approval. We find no abuse of the court's discretion in its determination as to the terms and conditions of the undertaking required on this appeal to avoid the risk of irreparable harm. ORS 19.050(4)(a).

Motion denied.